THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GERALD CHATMAN, Defendant-Appellant.

Third District   No. 76-172

Opinion filed September 26, 1977.

James Geis and John T. Maher, both of State Appellate Defender's Office, of Chicago, and Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Peoria County finding defendant, Gerald Chatman, guilty of rape and deviate sexual assault and sentencing him to a term of imprisonment of not less than 50 years nor more than 100 years to the Department of Corrections.

There are two issues on this appeal, namely: one, whether the trial court committed reversible error in denying defendant an opportunity to present testimony on the issue of extraneous prejudicial information being transmitted to the jury; and two, whether the trial court abused its discretion in denying defendant's motion in limine regarding the use of evidence of his prior convictions for rape.

Defendant-appellant was charged with rape and deviate sexual assault, the offenses having occurred on September 22, 1975. The prosecutrix testified defendant forced his way into her apartment and forced her to submit to sexual intercourse and deviate sexual assault. Her sister testified she arrived in the apartment soon after the time of the rape, but did not see the assailant. She found her sister hysterical and barely able to speak. On direct examination defendant described meeting the prosecutrix near a car dealership where he had gone to buy a used car. He started a conversation with her and suggested she have a date with him. This conversation took place about five days prior to the rape. Defendant denied ever having raped prosecutrix or having oral sex by force. On the contrary, he stated he offered her $40 to have intercourse with him which she accepted on September 22, 1975. The subsequent acts were the result of this agreement for $40. He also testified he had two convictions for rape in 1958. On rebuttal the prosecutrix denied ever having been near the car dealership five days prior to the rape and denied having any kind of arrangement with defendant. After 10 hours of deliberation the jury found defendant guilty on both counts.

The first issue on this appeal is whether the trial court committed reversible error in denying defendant an opportunity to present testimony on the issue of extraneous prejudicial information being transmitted to the jury. Defendant made this allegation in his post-trial motion and in his separate motion for mistrial. He also made an oral motion to have an evidentiary hearing on the question of the extraneous prejudicial information. His motions were all denied.

During the course of the trial the court periodically admonished and questioned the jury regarding out of court contact about the case. Just prior to one such questioning the prosecutrix had been sworn as a rebuttal witness. The court, while the witness was on the stand and the jury present, questioned the jurors about out-of-court contact. The court asked if any member of the jury had anything to report. The court was advised that some member of the jury possibly had seen the prosecutrix the night

before. The court was further advised that there had been no discussion about the case and was advised by the prosecutrix that she had seen one of the jurors at her place of employment, a store, the night before. The juror testified she did not remember the encounter. Both counsel were asked if they had any questions and they both replied in the negative.

After the trial, the defense learned from two jurors that there had been a discussion during deliberations of the chance meeting between another juror and the prosecutrix. At the request of defense counsel these two jurors executed affidavits which were attached to and became the basis of a post-trial motion seeking either a further hearing or a vacation of the verdict. The motion and brief of the defendant characterized these affidavits as evidence of improper communications between a witness and a member of the jury. The event described in the affidavits was the same one which had been described previously in open court. It should be noted that neither from the colloquy in open court nor from the affidavits, is it shown there were any conversations between the prosecutrix and the juror.

■■ *People v. Tobe*, 49 Ill. 2d 538, 276 N.E.2d 294, sets forth the well-established rule in Illinois that a jury verdict will not be set aside where it is apparent that no injury or prejudice resulted from a communication to the jury either by the court or by third persons outside the presence of the defendant. It also states the rule that jurors will not be permitted to impeach their verdict. We note that said rule is not without exception, but that the exception necessarily encompasses the elements of injury or prejudice. (*People v. Tobe*, 49 Ill. 2d 538, 276 N.E.2d 294; *People v. Mills*, 40 Ill. 2d 4, 237 N.E.2d 697; and *People v. Simms*, 38 Ill. App. 3d 703, 348 N.E.2d 478.) In *People v. Pozzi*, 42 Ill. App. 3d 537, 356 N.E.2d 186, the court in commenting on the soundness of the rule preventing a juror from impeaching his verdict observed: "The rule is a sound one, designed to secure the finality of a verdict and set the matter at rest without further wrangling, second guessing or change of heart resulting from influence brought to bear after the verdict." (42 Ill. App. 3d 537, 543, 356 N.E.2d 186, 190-91.) We find defendant's cases, *Parker v. Gladden*, 385 U.S. 363, 17 L. Ed. 2d 420, 87 S. Ct. 468; *Mattox v. United States*, 146 U.S. 140, 36 L. Ed. 917, 13 S. Ct. 50, and *People v. Pozzi*, 42 Ill. App. 3d 537, 356 N.E.2d 186, distinguishable because in each, the prejudicial nature of the communications was not in doubt.

■■ In the instant case we believe the general rule against permitting a juror to impeach his verdict is applicable and no facts or circumstances are shown which should ameliorate this rule. The affidavits at best refer to the deliberations of the jurors and in fact there are no circumstances disclosed of any communication with the member of the jury. How or why the jury reached its decision collectively or how or why individual

jurors considered the evidence are not matters of proper inquiry after the verdict has been reached.

■■ Of even more significance as applied to the facts of the instant case, are the circumstances which were presented in open court regarding the chance meeting of the prosecutrix and the juror. Defense counsel was granted ample opportunity to make any inquiries he desired about the incident. Failing to do so, he cannot now be heard to complain. We hold the court acted properly in denying defendant's post-trial motions.

■■ The second issue is whether the trial court erred by denying defendant's motion in limine as to the use of evidence of his prior convictions for rape. We note that defendant himself first introduced evidence of the facts of his two prior convictions for rape. By so doing the defendant may have waived any errors regarding such convictions, but we have determined to consider his objection on this appeal.

■■ Defendant in his motion asked the court to prohibit the introduction of his two 1958 convictions for rape. In the alternative, he asked that the felony convictions themselves be permitted to be introduced, but not the nature of the offenses. The court denied the motion in its entirety. In the instant case the defense was based on defendant's claim that the victim committed an act of prostitution. Accordingly, the defendant's credibility was very much in issue and the State offered the evidence of prior conviction for the purpose of impeaching that credibility. Defendant argued that the introduction of such evidence would be so overwhelmingly prejudicial as to constitute reversible error.

In *People v. Montgomery*, 47 Ill. 2d 510, 268 N.E.2d 695, the court reversed a conviction for unlawful sale of a narcotic drug on the grounds that introduction of defendant's 21-year-old robbery conviction at the age of 18 for impeachment purposes constituted reversible error. The court held that the 21-year-old conviction bore no rational relationship to defendant's credibility. *Montgomery* approved Rule 609 of the Federal Rules of Evidence (51 F.R.D. 391) which permits introduction of certain prior convictions for purpose of impeachment unless "the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice." Defendant was released from his sentences on the prior convictions within 10 years of the date of the present offense. The precise issue in this case is whether the probative value of defendant's prior convictions for rape is outweighed by the danger of prejudice to the defendant. This determination is a matter within the trial judge's discretion and the record clearly shows the trial judge weighed both sides of the issue.

■■ ■ We cannot conclude as a matter of law that the trial judge abused his discretion in allowing introduction of the prior convictions for

rape. Furthermore, proper instructions were given to the effect that the sole purpose of this evidence was to reflect upon defendant's credibility and not as substantive evidence of the crime. Since the issue was a matter of judicial discretion and the record reflects no abuse of this discretion, we hold no error was committed in denying defendant's motion in limine.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

STENGEL, P. J., and SCOTT, J., concur.